T.C. Memo. 2001-299

UNITED STATES TAX COURT

JAMES E. HENDRICKS AND ROBERTA J. HENDRICKS, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 13646-99.                    Filed November 8, 2001.

James E. Hendricks and Roberta J. Hendricks, pro se.

<u>Jeanne Gramling</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

COLVIN, <u>Judge</u>:  Respondent determined a $19,420 deficiency
in petitioners' Federal income tax for 1996 and a $3,884

accuracy-related penalty under section 6662(a)(1)[1] and (d)(1) for substantial understatement of tax.

Following concessions,[2] we must decide the following issues:

1.  Whether $69,500 that James E. Hendricks (petitioner) withdrew from his individual retirement account (IRA) is taxable to petitioners in 1996.  We hold that it is.

2.  Whether petitioners are liable for the accuracy-related penalty under section 6662(a) and (d) for substantial understatement of tax.  We hold that they are.

                    FINDINGS OF FACT

Some of the facts have been stipulated and are so found.

A.    Petitioners

Petitioners are married and lived in Laurinburg, North Carolina, when they filed the petition in this case.

B.    Bechtel Trust & Thrift Plan

Petitioner worked for Bechtel Corp. (Bechtel) from 1977 to 1988, when he resigned, and from 1992 until 1995, when he retired.  He became a participant in the Bechtel Trust & Thrift

---

[1]  Unless otherwise stated, section references are to the Internal Revenue Code in effect in 1996, and Rule references are to the Tax Court Rules of Practice and Procedure.

Sec. 6662(a)(1) did not exist in 1996.  We assume that respondent meant to cite sec. 6662(a).

[2]  Petitioners concede that their 1996 income should be increased by $500 for unemployment compensation and by $11 for interest income.

Plan, a retirement plan, on January 27, 1992. The Bechtel Trust & Thrift Plan included a trust and profit-sharing account, a section 401(k) account to which Bechtel contributed funds on behalf of petitioner which he and Bechtel treated as elective deferrals of petitioner, an account comprising contributions by Bechtel that matched petitioner's elective deferrals (the company matching account), and an after-tax thrift savings account (i.e., an account to which petitioner contributed funds on which he had paid income taxes). The following table shows petitioner's thrift savings account contributions, earnings, losses, withdrawals, and balances:

Contributions to, Earnings of, Distributions From, and
Balances in Petitioner's Thrift Savings Account

| | Contributions (Withdrawals) | Balance |
|---|---|---|
| 1992 Contributions | $1,095.98 | $1,095.98 |
| 1992 Earnings | 16.38 | 1,112.36 |
| 1993 Contributions | 2,598.91 | 3,711.27 |
| 1993 Earnings | 251.84 | 3,963.11 |
| 1994  1st & 2d qtrs Contributions | -0- | 3,963.11 |
| 1994  1st & 2d qtrs Distributions | (3,963.11) | -0- |
| 1994  3d qtr Contributions | 799.80 | 799.80 |
| 1994  3d qtr Earnings | (13.76) | 786.04 |
| 1994 4th qtr Contributions | 3,715.53 4,501.57 | |
| 1994 4th qtr Earnings | (38.35) | 4,463.22 |
| 1994 4th qtr Withdrawals | (4,463.22) | -0- |
| 1995 Contributions | -0- | -0- |
| 1995 Refund | [1](52.11) | -0- |

[1] Bechtel refunded the $52.11 loss from the thrift savings account to petitioner on Nov. 22, 1995, for reasons not apparent in the record.

All of the funds in petitioner's thrift savings account had been distributed to him by the end of 1994. He made no contributions to the thrift savings account in 1995.

C.  Petitioner's Section 401(k) Account With Bechtel

Petitioner had a section 401(k) account with Bechtel to which Bechtel contributed on petitioner's behalf $8,994 in 1993, $9,240 in 1994, and $8,355.70 in 1995. Bechtel issued Forms W-2, Wage and Tax Statement, for those years.

D.  Rollover From Petitioner's Bechtel Trust & Thrift Plan to an IRA and Withdrawal of IRA Funds

On November 27, 1995, petitioner received a $69,421.05 distribution from the Bechtel Trust & Thrift Plan. On December 6, 1995, petitioner deposited that amount in a Nations Bank Regular Money Market Individual Retirement Account. Petitioner withdrew $69,500 ($69,421.05 plus $78.95 in interest) from his Nations Bank IRA in 1996.

E.  Petitioners' Income Tax Returns

Petitioners reported petitioner's wages as income from 1993 to 1996. Petitioners did not report as income the $8,994 in 1993, $9,240 in 1994, and $8,355.70 in 1995 that he contributed to his section 401(k) account. Petitioners did not attach a statement to their 1996 income tax return disclosing the $69,500 withdrawal or explaining why they excluded that amount from their 1996 income.

OPINION

A.   Whether Petitioners Must Include in Income $69,500 That
     Petitioner Withdrew From His IRA Account in 1996

We first decide whether petitioners must include in income
$69,500 that petitioner withdrew from his Nations Bank IRA in
1996.[3]  Petitioners contend that they need not do so because:
(1) Petitioner had basis in his IRA; (2) petitioner had paid
taxes on the funds that were deposited in the IRA; and (3) the
thrift savings account lost money in its last 2 years.  We
disagree for reasons stated below.

     1.   Whether Petitioner Had Basis in His IRA When He
          Withdrew Funds in 1996

A taxpayer may exclude from income IRA distributions
attributable to after-tax contributions for which the taxpayer
has basis.  Secs. 72(e)(6), 408(d)(2); Campbell v. Commissioner,
108 T.C. 54, 66-67 (1997).  Petitioners contend that they may
exclude from income $35,317 because petitioner had basis of that
amount in his IRA when he withdrew amounts in 1996.  Petitioners
contend that petitioner had $35,317 in his thrift savings account
on September 30, 1995, and that he rolled over that amount to his
IRA.  We disagree.  Petitioner had no funds in his thrift savings

---

[3]  The examination in this case began after July 22, 1998.
Petitioners were aware at trial that the Commissioner bears the
burden of proof if conditions stated in sec. 7491 are met.
However, they do not contend that sec. 7491 applies.  Thus,
petitioners bear the burden of proof on this issue.  Rule 142(a).
However, the burden of proof does not affect our holding on this
issue.

account on September 30, 1995, made no contributions to that account in 1995 or 1996, and did not roll over any funds from that account to his IRA in 1995 or 1996.

Bechtel's records of petitioner's earnings, distributions, losses, and balances for his thrift savings account state that Bechtel had distributed all of the funds in the thrift savings account to petitioner by the end of 1994, that petitioner made no contributions to his thrift savings account in 1995 or 1996, and that petitioner had no balance in his thrift savings account on September 30, 1995.

Petitioners point out that the Bechtel quarterly statement of account as of September 30, 1995, said: "The maximum amount you can withdraw from your after-tax Thrift Account and 401(k) contributions is $35,317.70", and they contend that this establishes that petitioner had a balance of $35,317.70 in his thrift savings account on September 30, 1995. We disagree. The quarterly statement states that petitioner's thrift savings account balance was zero on September 30, 1995. Bechtel contributed on behalf of petitioner a total of $35,317.70 to his section 401(k) account in 1992, 1993, 1994, and 1995. Petitioner had no funds in his thrift savings account to roll over to the Nations Bank IRA on September 30, 1995, and he made no contributions to his thrift savings account, nor did he roll over any amount from that account to his IRA in 1995 or 1996.

As discussed next, petitioner did not pay income tax on Bechtel's contributions on his behalf to his section 401(k) account.  We conclude that petitioner had no basis in his Nations Bank IRA when he withdrew retirement funds from the IRA.

2.    Whether Petitioner Paid Income Tax on Funds in His Section 401(k) Account That He Rolled Over to the IRA

Petitioners contend in the alternative that petitioner had paid income tax on the funds in his section 401(k) account that he rolled over to the IRA, and as a result, the $69,500 that he withdrew from his IRA in 1996 is a nontaxable return of contributions for which he had previously paid income tax and is not included in income under section 408(d)(1).  We disagree.

On petitioner's Forms W-2 for 1993, 1994, and 1995, Bechtel reported that petitioner did not pay income tax on contributions to his section 401(k) account in 1993, 1994, and 1995, and that he deferred tax on compensation contributed to his pension plan. Bechtel reported on the Forms W-2 that petitioner deferred income tax on $8,994 in 1993, $9,240 in 1994, and $8,355.70 in 1995. The difference between the amounts for "Medicare Wages" and the amounts for "Wages, tips and other compensation" on petitioner's Forms W-2 for 1993, 1994, and 1995 equaled $8,994 in 1993, $9,240 in 1994, and $8,355.70 in 1995.  Petitioners did not report the contributions of $8,994 in 1993, $9,240 in 1994, and $8,355.70 in 1995 to petitioner's section 401(k) account as income on their

1993, 1994, and 1995 income tax returns.  Thus, petitioners' tax returns for 1993, 1994, and 1995 and petitioner's Forms W-2 for those years show that petitioners did not include in income the contributions to his section 401(k) account for those years.

Bechtel made contributions to petitioner's section 401(k) account in 1992.  Petitioners' 1992 return is not in evidence. We assume that petitioners and Bechtel treated the 1992 contributions like those made in 1993, 1994, or 1995.

We conclude that petitioners had not previously included in income the funds petitioner deposited in his IRA, and that his IRA distribution is included in petitioners' income in 1996.

### 3.  Petitioners' Other Contentions

Petitioners contend that they did not receive $78.95 in interest as part of the distribution from the IRA in 1996 because petitioner's retirement plan had losses in 1995 and 1996.  We disagree.  The earnings on the accounts exceeded the losses. Petitioner rolled over $69,421.05 to his IRA in 1995 and received $69,500 from the IRA in 1996.  Petitioner made no contributions to the IRA after the rollover.  We conclude that the difference of $78.95 between the $69,500 distribution in 1996 and the $69,421.05 rollover in 1995 is taxable interest.

Petitioners point out that they and respondent had settled a case involving petitioners' tax years 1977 through 1988, docket No. 13027-92S, and contend that settlement binds respondent here.

We do not consider that settlement here.  See Fed. R. Evid. 408.
Petitioners also contend that they have paid more tax than their
coworkers, that respondent unreasonably refused to settle this
case, and that respondent has harassed them.  Petitioners state
no details to support these claims, and we do not consider them
further.

### 4.  Conclusion

We conclude that petitioners must include in income the
$69,500 that petitioner withdrew from his IRA in 1996.

### B.  Whether Petitioners Are Liable for the Accuracy-Related Penalty

Respondent concedes that respondent bears the burden of
production relating to petitioners' liability under section
6662(a).  Sec. 7491(c).  The Commissioner satisfies the burden of
production with respect to the accuracy-related penalty under
section 6662 by coming forward with sufficient evidence
indicating that it is appropriate to impose the relevant penalty;
the Commissioner need not introduce evidence regarding reasonable
cause, substantial authority, or similar provisions.  Higbee v.
Commissioner, 116 T.C. 438, 446 (2001); see H. Conf. Rept. 105-
599, at 241 (1998), 1998-3 C.B. 747, 995.

A substantial understatement of tax exists if the amount of
the understatement is more than 10 percent of the correct amount
of tax or $5,000.  Sec. 6662(d)(1)(A).  Petitioners reported tax

liability for 1996 of $5,441.  However, their liability is $24,861.  Thus, respondent has satisfied the burden of production under section 7491(c).

We deem petitioners to have conceded that they are liable for the accuracy-related penalty under section 6662(a) for substantial understatement of their 1996 income tax because they make no argument about the penalty.  See Levin v. Commissioner, 87 T.C. 698, 722-723 (1986) (we deemed the taxpayers to have abandoned claims in the petition for which they made no argument), affd. 832 F.2d 403 (7th Cir. 1987); Zimmerman v. Commissioner, 67 T.C. 94, 104 n.7 (1976) (we deemed the taxpayers to have conceded an issue they raised in their petition because they made no argument at trial or on brief relating to that issue).  We conclude that petitioners are liable for the accuracy-related penalty under section 6662(a) for substantial understatement of income tax for 1996.

For the foregoing reasons,

Decision will be entered for respondent.